HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELEANOR SUE DUMBAUGH,

    Plaintiff,

v.

MARK KASSON, KITSAP RECOVERY
CENTER and KITSAP COUNTY,

    Defendants.

Case No. C08-5469RBL

ORDER ON DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT

This matter comes before the court on Defendant Mark Kasson's Motion for Summary Judgment [Dkt. #28], and Defendant Kitsap Recovery Center (KRC) and Kitsap County's Motion for Summary Judgment (together "KRC"). [Dkt. #27]. Plaintiff is a former employee of KRC, which is a division of Defendant Kitsap County's Department of Personnel and Human Services. KRC is a facility for the treatment of drug and alcohol dependency. Defendant Mark Kasson was Plaintiff Dumbaugh's co-worker at KRC.

Plaintiff has alleged causes of action for Discrimination Based on Gender, Sexual Harassment, Disparate Treatment, Hostile Work Environment, and Retaliation against both Defendants. Each Defendant moves for summary judgment on all claims against it.

**Background.**

Plaintiff Dumbaugh began working at KRC in 2007. She began as a volunteer intern through Olympic college. She later became an "Extra Help Treatment Aid." She was terminated on August 29,

2008. The case arises from Plaintiff's relationship with Mark Kasson. She alleges that because he had the ability to summon extra help treatment aids (such as herself) to work, Kasson was effectively her supervisor. KRC denies that he was a supervisor, pointing out that the evidence establishes that he called her to work only once, and when he did he obtained the permission of the supervisor before doing so.

In any event, Kasson and Dumbaugh apparently engaged in mutually acceptable sexual flirtation, kissing and contact for some time during Dumbaugh's employment at KRC. At some point, no later than[1] August 4, 2007, according to Plaintiff, the relationship became one sided, and Kasson made sexual advances toward her which were unwanted, rejected, and constituted sexual harassment and assault. Plaintiff complained[2], and Kasson was terminated by the end of August. There is no evidence that anyone other than Kasson knew that his advances toward Dumbaugh existed, or were unwanted, prior to the time of the event which led to the Plaintiff's complaint. There is no claim and no evidence that anyone else ever harassed the Plaintiff. Plaintiff's Title VII sexual harassment claim depends entirely on her allegation that Kasson was her supervisor. Defendants' Motions depend on this court's factual determination that he was not.

Plaintiff contends that after her complaint, and after Kasson's departure, the KRC retaliated against her for her complaint, up to and including her termination in August 2008. In her view, this retaliation took the following forms: reduction of hours, to the point she was not called into work as an extra help treatment aid for four months prior to the second and third[3] of her three EEOC complaints, in June 2008. She claims she was denied training and education opportunities, and that she received two "counseling" letters that were not warranted. She claims she received negative job references, and was not informed that she had been selected for a work study position. Plaintiff contends that she was

---

[1] The Court has viewed the evidence in the light most favorable to the Plaintiff as the non-moving party.

[2] On or about August 6, Plaintiff complained to Swift, her former internship supervisor, and Fontecha, her then current immediate supervisor. An investigation followed and Plaintiff was interviewed August 10. Kasson was placed on administrative leave, and did not return before he resigned in lieu of termination on August 28.

[3] Plaintiff's first EEOC complaint was made in November, 2007. She made two additional complaints in June 2008. Each alleges that she was retaliated against for complaining about Kasson. None reflected her current complaint that she suffered retaliatory termination as the result of her complaints, as she had not been terminated at the time of the complaints.

ORDER
Page - 2

retaliated against when she was denied two higher positions within Kitsap County. Finally, Plaintiff claims that the "copying" charge that led to her termination on August 29, 2008 was false or fabricated. Defendant KRC disputes each claim.

Plaintiff does not respond to the Defendants' claim that her complaint gives rise only to these two Title VII claims. [*See* Defendant KRC's Motion at footnote 3.] She makes no effort to defend the other claims: Discrimination based on gender, disparate treatment, and hostile work environment. Nor does Plaintiff substantively oppose Defendants' (legally correct) argument that Mark Kasson cannot be personally liable under Title VII as a matter of law.

For these reasons, the Defendants' Motions for Summary Judgment on Plaintiff's claims of discrimination based on gender, disparate treatment, and hostile work environment (if and to the extent they are different or broader than her Title VII claims) are GRANTED and those claims are DISMISSED with prejudice.

Similarly, Plaintiff's Title VII claims against Mark Kasson individually are unsustainable. *See e.g. Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995) (citing *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993)). Plaintiff does not contest this conclusion. Kasson's Motion is therefore GRANTED. All of Plaintiff's claims against Defendant Kasson are DISMISSED with prejudice.

The Plaintiff's remaining Title VII claims are discussed below.

**Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from

which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**Title VII sexual harassment**.

KRC sets out the proper legal standard for plaintiff's Title VII harassment claim, and Plaintiff does not dispute it. Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. §2000e-2(A)(1)(2000). Sexual harassment is a form of gender discrimination. *Meritor Savings Bank* v. *Vinson,* 477 U.S. 57,64, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Actionable harassment occurs when an employee or applicant is subjected to unwelcome conduct that is motivated by the complainant's membership in a protected class and that either (a) results in a tangible employment action, or (b) is "sufficiently severe or pervasive to alter the conditions of [the complainant's] employment and create an abusive working environment." *Id.* at 67.

The employer is not automatically liable in a hostile environment case. "An employer is subject to vicarious liability to a victimized employee for actionable hostile environment created by a supervisor with immediate (or successively higher) authority over an employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence." *Faragher v. City ofBoca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275,141 L.Ed.2d662 (1998).

"A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Industries, Inc.* v. *Ellerth,* 524 U.S. 742, 761, 118 S.Ct. 2257,141 L.Ed.2d 633 (1998). "Tangible employment actions are the means by which the supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment decision requires an official act of the enterprise, a company act. The decision in most cases is documented in official company records, and may be subject to review by higher level supervisors." *Burlington Industries, Inc. v. Ellerth,* 524 U.S. at 762.

Plaintiff has met her burden of establishing that Kasson's action(s) in August 2007 amounted to discrimination under part (b) of the standard. The factual issue is whether he was a supervisor with

authority over the Plaintiff.

Plaintiff claims she subjectively thought he was her supervisor, and that he was authorized to call in lower level workers such as Plaintiff who were "extra help treatment aids." She alleges that he called her in on at least one occasion, and had the authority to do so on others. She also claims he called other extra workers into work.

Defendant alleges that Kasson did not have unilateral authority to make such calls, and was not Plaintiff's supervisor. It also points out that Dumbaugh has not alleged that Kasson took any tangible employment action against her, and that it has affirmative defenses to her vicarious liability claim against KRC.

KRC's position appears to be compelling on each factual count. Plaintiff's claim of vicarious liability for Kasson's conduct is factually weak, and KRC's defenses appear to be strong. It is perhaps unlikely that a jury will find each of the facts required for Plaintiff to prevail. The resolution of genuine factual issues is nevertheless required. In the 9th Circuit, this is not a Summary Judgement case. KRC's Motion for summary judgment on the Plaintiff's Title VII sexual harassment claim is DENIED.

**Title VII Retaliation.**

As described above, Plaintiff Dumbaugh claims she suffered retaliation in various forms from the time she first complained about Kasson's conduct to the time she was terminated. She filed a total of three EEOC complaints (November 2007 and June 2008) and received "right to sue" letters following each. She has sufficiently alleged retaliation for her Kasson complaints, and for additional retaliation for filing the November 6, 2007 EEOC complaint, as alleged in her June 26, 2008 EEOC complaint.[4] The factual bases for these complaints, and KRC's factual defenses of them, must be resolved by a jury. The Motion for Summary Judgment on Plaintiff's retaliation claims for events occurring prior to her final EEOC complaint (June 26, 2008) is therefore DENIED.

Plaintiff's claim for retaliatory discharge, however, is time barred.

As a prerequisite to filing suit, a Title VII complainant must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred. See 42 U.S.C.

---

[4]The content of these complaints is undisputable, and undisputed. It is set forth in KRC's Motion at pp. 14 and 15. [Dkt. #28].

ORDER
Page - 5

§2000e-5(e)(1). If the complainant initiates proceedings with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice or to institute criminal proceedings based upon the practice, the complainant has 300 days after the alleged employment practice occurred, or 30 days after receiving notice of termination of the state or local proceedings, whichever is earlier. *Id.*

Exhaustion of administrative remedies is a requirement for bringing suit under Title VII. *See Stache v.International Union ofBricklayers and Allied Craftsmen,* 852 F.2d 1231, 1233 (9th Cir.1988). "[F]ailure to file an EEOC charge within the prescribed 300-day period is not a jurisdictional bar, but it is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1176 (9th Cir. 2000) *(citing Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1174 (9th Cir.1986). Because Washington is a "deferral" state, Ms. Dumbaugh's claims must have been filed within 300 days of the claimed event of discrimination. 42 U.S.C.A. § 2003e-5(e) (2003).

Plaintiff did not ever file an EEOC complaint regarding what she alleges was retaliatory discharge in violation of Title VII. She failed to exhaust her administrative remedies on that charge, and the time for doing so is long passed. Her Title VII retaliatory discharge claim is therefore time barred, and KRC's Motion for Summary Judgment on that claim is GRANTED. Plaintiff's Title VII retaliatory discharge claim is DISMISSED with Prejudice.

**Conclusion**

Defendant Kasson's Motion [Dkt. #27] is GRANTED, and Plaintiff's claims against him are DISMISSED with prejudice.

Defendant KRC's Motion [Dkt. #28] on Plaintiff's claims for discrimination based on gender, disparate treatment, and hostile work environment is GRANTED and those claims against KRC and Kitsap County are DISMISSED with prejudice.

KRC's Motion with respect to Plaintiff's Title VII sexual harassment claim is DENIED. KRC's Motion with respect to Plaintiff's Title VII retaliation claims for conduct occurring prior to June 26, 2008 is DENIED. KRC's Motion with respect to Plaintiff's Title VII retaliatory discharge claim is GRANTED

//

/

and that claim against KRC and Kitsap County is DISMISSED with prejudice.

IT IS SO ORDERED this 1st day of October, 2009.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE